UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMD MANAGEMENT, LLC, et al.,

      Plaintiffs,                     Case No. 2:15-cv-13997

v.                                 HONORABLE STEPHEN J. MURPHY, III

POWER UP LENDING GROUP, LTD.,

      Defendant.

_____/

### ORDER GRANTING MOTION TO CHANGE VENUE (document no. 4)

The Plaintiffs sued Defendant Power Up Lending Group, Ltd. ("Power Up") in Michigan state court, seeking declaratory relief: they alleged that the loan terms provided by Power Up to the Plaintiffs' company were usurious under Michigan law. Removal, Ex. 1, Summons and Compl., ECF No. 1-1. Power Up removed the case to the Court under diversity jurisdiction. Not. Remov., ECF No. 1. On the same day it filed its Answer, Power Up filed a Motion to Change Venue, arguing that a forum selection clause contained in the loan agreement mandated litigation in the Eastern District of Virginia. Mot., ECF No. 4. Plaintiffs responded and Power Up replied. ECF Nos. 6, 7. Having carefully reviewed the parties' briefing, the Court finds that the forum selection clause is valid and enforceable, it will grant Power Up's motion, and it will order the case be transferred to the United States District Court for the Eastern District of Virginia.

### BACKGROUND

On June 12, 2015, the parties executed a business loan agreement. Not. Remov., Ex. 1, Summons and Compl., ECF No. 1-1. The loan agreement contained a forum selection clause, which stated in pertinent part:

> Any suit, action or proceeding arising hereunder or under the Security Agreement and Guaranty, or the interpretation, performance or breach hereof or thereof, shall, if Power Up so elects, be instituted in any court of competent jurisdiction in the State of Virginia (the "Acceptable Forums"). Borrower and Owner/Guarantor agree that the Acceptable Forums are convenient to them, and submits to the jurisdiction of the Acceptable Forums and waives any and all objections to jurisdiction or venue. Should such proceeding be initiated in any other forum, Borrower and Owner/Guarantor waive any right to oppose any motion or application made by Power Up to transfer such proceeding to an Acceptable Forum.

Mot., Ex. 1, ECF No. 4-2. On July 10, 2015, Power Up sued the Plaintiffs for repayment in the Eastern District of New York. Answer ¶ 18, ECF No. 2. After the Plaintiffs objected to personal jurisdiction there, Power Up dismissed the case and sued in the Eastern District of Virginia. *Id.* ¶19; Mot. 4, ECF No. 4. The next day, the Plaintiffs sued in Michigan state court seeking a declaratory injunction that the loan agreement was invalid for violating Michigan's usury laws. Not. Remov., Ex. 1, Summons and Compl., ECF No. 1-1. Power Up properly removed the case to the Court under diversity jurisdiction, and filed a Motion to Change Venue to the Eastern District of Virginia based on the forum selection clause. Mot., ECF No. 4.

## DISCUSSION

The issue is whether to enforce the forum selection clause contained in the parties' loan agreement. Forum selection clauses "generally are enforced by modern courts unless enforcement is shown to be unfair or unreasonable." *Sec. Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 374 (6th Cir. 1999). A party may be found to have waived the enforceability of a forum selection clause if the party acted in a manner inconsistent with the clause. *See Money for Lawsuits V LP v. Rowe*, No. 4:10-cv-11537, 2012 WL 1068171, at *5 (E.D. Mich. Jan. 23, 2012). Generally, however, a party who acts inconsistently with a forum selection clause only waives the enforceability of the clause as to the specific claim it

pursues. *Estate of Popovich v. Sony Music Entm't*, No. 1:11-cv-2052, 2012 WL 892531, at \*2 (N.D. Ohio Mar. 14, 2012).

Power Up did not act inconsistently with the forum selection clause. Under the clause, Power Up retained the ability to choose a litigation forum, while the clause remained binding on the Plaintiffs. The clause is subject to the qualifying phrase "if Power Up so elects." The clause explicitly considers that Power Up may choose to litigate elsewhere. Therefore, Power Up was within its rights to bring an action in New York without waiving its ability to litigate other claims in Virginia. *See Karl Koch Erecting Co., Inc. v. N.Y. Convention Ctr. Dev. Corp.*, 838 F.2d 646, 659–60 (2d Cir. 1988) (holding that non-mutuality in a forum selection cause does not render it invalid).

A forum selection clause may be unenforceable if it was (1) obtained by fraud or duress, (2) the selected forum would not handle the suit, or do so effectively or fairly, or (3) the selected forum would be unjustly inconvenient for the plaintiff. Restatement (Second) of Conflict of Laws § 80 cmt. c (1971). The Plaintiffs have failed to show that any of the three circumstances listed in the Restatement are present here. While litigating in Michigan would certainly be more convenient for the Plaintiffs, the Court cannot say that litigating in Virginia would be unjustly inconvenient.

Finally, even if it were the case that Power Up did act inconsistently with regard to the forum selection clause, it is arguable that it would still be enforceable. Because the Plaintiffs have elected to sue Power Up and seek declaratory judgment that the loan agreement is usurious, rather than raise the issue as a defense in Power Up's suit for repayment, it may constitute a separate claim. Therefore, Power Up would not have waived the clause's enforceability as to Plaintiff's claim by first bringing suit in New York. *See*

*Estate of Popovich*, No. 1:11-cv-2052, 2012 WL 892531, at *2. Regardless, the Court finds

that Power Up did not act inconsistently with the forum selection clause, and the clause is

thus enforceable. The Court will order the case to be transferred to the Eastern District of

Virginia.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion to Change Venue

(document no. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the case be transferred to the United States District

Court for the Eastern District of Virginia.

**SO ORDERED**.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 7, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or
counsel of record on January 7, 2016, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager